MEMORANDUM OPINION




No. 04-03-00892-CR



Arthur T. SALINAS,


Appellant



v.



The STATE of Texas,


Appellee



From the 144th Judicial District Court, Bexar County, Texas


Trial Court No. 2003-CR-5066


Honorable Mark R. Luitjen, Judge Presiding



PER CURIAM


Sitting: Alma L. López, Chief Justice

 Catherine Stone, Justice

 Paul W. Green, Justice


Delivered and Filed: February 11, 2004


DISMISSED

 The trial court's certification in this appeal states that "this criminal case is a plea-bargain
case, and the defendant has NO right of appeal." The clerk's record contains a written plea bargain,
and the punishment assessed did not exceed the punishment recommended by the prosecutor and
agreed to by the defendant; therefore, the trial court's certification accurately reflects that the
underlying case is a plea-bargain case. See Tex. R. App. P. 25.2(a)(2). 

 Rule 25.2(d) of the Texas Rules of Appellate procedure provides, "The appeal must be
dismissed if a certification that shows the defendant has a right of appeal has not been made part of
the record under these rules." Tex. R. App. P. 25.2(d). On December 18, 2003, we ordered that this
appeal would be dismissed pursuant to rule 25.2(d) unless an amended trial court certification
showing that the appellant has the right of appeal was made part of the appellate record by January
16, 2004. See Tex. R. App. P. 25.2(d); 37.1; see also Daniels v. State,100 S.W.3d 174 (Tex.
App.--San Antonio 2003, no pet.). No response was filed. In the absence of an amended trial court
certification showing that the appellant has the right of appeal, rule 25.2(d) requires this court to
dismiss this appeal. Accordingly, the appeal is dismissed.

 PER CURIAM

DO NOT PUBLISH